IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

ALPHONSO STEWART,              :
                               :
          Petitioner,          :
                               :   CIVIL NO. 5:15-CV-158-MTT-MSH
     VS.                       :
                               :
WARDEN, Washington State Prison, :
                               :
          Respondent.          :
_____

**REPORT AND RECOMMENDATION**

Presently pending before the Court is Respondent's motion to dismiss Petitioner's application for habeas relief as untimely. (ECF No. 16.) Also pending is Petitioner's motion to amend to add additional claims for habeas relief (ECF No. 14) and motion "to reclass" and "to traverse" (ECF No. 20). For the reasons described below, Petitioner's motions are granted and it is recommended that Respondent's motion be granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as untimely.

**BACKGROUND**

On March 21, 2012, in the Superior Court of Douglas County, Petitioner pled guilty to one or two counts of the sale of cocaine.[1] Pet. for Writ of Habeas Corpus 1-2, ECF No 1; Resp't's Br. in Supp. Mot. to Dismiss 1, ECF No. 16-1. He was sentenced to life with the possibility of parole. Pet. 1-2. Petitioner did not appeal the conviction or sentence.

---

[1] The parties disagree as to whether it was one or two counts of the sale of cocaine and no documents from the proceedings in Douglas County are in the record.

*Id.* at 2.

On August 4, 2014, Petitioner filed a state application for habeas relief in Washington County. Pet. 3; Resp't's Ex. 1, ECF No. 18-1. The Superior Court of Washington County held an evidentiary hearing in November 2014, but no final order has been issued. Pet. 3, 6; Resp't's Br. in Supp. Mot. to Dismiss 1. Petitioner filed his federal application for habeas relief on April 30, 2015. Pet. 15.

## DISCUSSION

### I.   Petitioner's Miscellaneous Motions

Petitioner filed a motion to amend his application for habeas relief on November 3, 2015. (ECF No. 14.) In this motion, Petitioner asserts additional ground for habeas relief. Respondent has not objected to Petitioner's motion to amend. Consequently, Petitioner's motion is granted.

Petitioner also filed a "Motion to leave to reclass to Warden T.J. Conley and to Traverse Respondent-pro se." (ECF No. 20.) Therein Petitioner states that Respondent Donald Barrow is no longer warden of Washington State Prison and, consequently, "any prior notice of action is null and void." Pet. for Reclass 1, ECF No. 20-1. Although unclear, it appears that Petitioner seeks to have T.J. Conley, the alleged current warden of Washington State Prison, substituted as Respondent. *Id.* Petitioner also requests permission to file a response to Respondent's motion to dismiss.

Petitioner's motion is well-taken to the extent that the warden of Washington State Prison has changed. Respondent failed to respond and state whether T.J. Conley is the proper respondent. Thus, the Court amends the caption of this case to state "Warden,

Washington State Prison" instead of Donald Barrow. Petitioner's motion is also granted as to his request to respond to Respondent's motion to dismiss. Such response has been filed separately on the docket at ECF No. 21.

## II. Respondent's Motion to Dismiss

Respondent moves to dismiss Petitioner's application for habeas relief claiming that it was filed outside the one-year limitations period. Petitioner responds to Respondent's motion without specifically addressing the timeliness of his filing. Instead, Petitioner generally asserts that he has been unable to procure a copy of his trial transcript and has not been able to exhaust his state remedies. Pet.'s Resp. 1, ECF No. 21. As explained below, Petitioner's application for habeas relief is untimely and Respondent's motion to dismiss should be granted.

### A. The AEDPA limitations period

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

. . .

>  (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

### B.   Petitioner's Application is outside the AEDPA one-year limitations period

The limitations period has expired and Petitioner's petition is untimely. Petitioner was sentenced on March 21, 2012 and did not appeal. Pet. 1-2. He thereafter had thirty days to file a notice of appeal. O.C.G.A. § 5-6-38. His conviction thus became final on April 20, 2012. *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner had one-year from April 20, 2012, until Monday, April 22, 2013, within which to file his federal application for habeas relief unless the limitations period was tolled. 28 U.S.C. § 2244(d). He waited until August 4, 2014, to file his state application for habeas relief. Pet. 3; Resp't's Ex. 1. This motion has no bearing on whether

Petitioner timely filed his federal habeas petition because it was filed after the AEDPA limitations period expired. *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled"). Petitioner's federal application for habeas relief, filed April 30, 2015, over two years after the expiration of the limitations period fails to invoke the jurisdiction of this Court. Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss should be granted.

## III.   Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

For the reasons described above, Petitioner's motion to amend (ECF No. 14) and motion to reclass (ECF No. 20) are granted. It is recommended that Respondent's motion to dismiss (ECF No. 16) be granted and Petitioner's action be dismissed as untimely. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 19th day of April, 2016.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE